Jules E. ANGOFF et al., Appellants,

v.

EAST BOSTON COMPANY et al., Appellees.

No. 5640.

United States Court of Appeals
First Circuit.

Heard June 7, 1960.

Decided Aug. 4, 1960.

---

788

Walter Powers, Boston, Mass., with whom Jules E. Angoff, Walter Powers, Jr., and Abraham L. Pomerantz, New York City, and Irvin M. Davis, Boston, Mass., were on the brief, for appellants.

Henry E. Foley, Boston Mass., with whom Loyd M. Starrett and Foley, Hoag & Eliot, Boston, Mass., were on the brief, for appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

On a previous appeal in this case reported sub nom. Angoff v. Goldfine, 1 Cir., 1959, 270 F.2d 185, to which reference may be had for the facts and the law of the case, we held that the court below in fixing fees for counsel for a successful plaintiff in a stockholder's derivative suit ought to have given consideration to the question whether an ancillary state court mandamus proceeding, ostensibly brought in aid of the main action, was the efficient cause of any part of the recovery obtained for the corporation by counsel for the successful stockholder. At page 190 we said: "If it was reasonably necessary to bring the mandamus proceeding in aid of the present case, and if that proceeding in fact produced a benefit to the corporation on behalf of which the main action was brought, we fail to see why that benefit should not be considered in fixing counsel fees and expenses * * *." And we said at page 191 that if the stockholder's counsel could "show that the mandamus proceeding was reasonably in aid of the main action, and that it in fact produced benefits to the corporations, they [counsel] are entitled to have those benefits taken into account in figuring the amount of compensation to be awarded them in the main action." Wherefore we remanded for further consistent proceedings.

In response to our mandate the court below held a hearing at which some further evidence was introduced and extensive arguments were made. Thereafter in a memorandum carefully analysing the evidence the court below found that the petition for mandamus did not produce any information of substantial benefit in the main action and that it was "not the efficient cause" of any financial benefits to the corporation involved. Wherefore the court concluded that there were no "ante-litem benefits" which could legitimately be taken into account in awarding fees to counsel.

The court, however, did not stop there. Giving heed to our remark that the fees awarded the appellants, whom we referred to as the Pomerantz Group, seemed rather surprisingly small, the court below reappraised the entire situation, and, as a result, in spite of its belief that "more lawyers and accountants were involved and more travel time was expended than the case demanded," it more than doubled its previous award of fees to this group by giving them as a whole a fee of $80,000 and expenses of $8,000.

This award like the previous one of $45,000 for both fees and expenses is challenged as wholly inadequate and it is asserted that the finding of absence of ante-litem benefits on which the award in part rests is clearly erroneous. We do not agree with either proposition.

It is argued that the state mandamus proceeding produced a great deal of vital information useful in the preparation and prosecution of the stockholder's derivative action but there is no specification of just what that information was. Actually the appellants' basic con-

tention is in substance that fear of possible disclosures of corporate mismanagement engendered by the mandamus action caused Goldfine to pay Boston Port substantial sums owed to it either by himself or by other corporations he controlled and also caused him to procure the discharge of a spurious mortgage on property of Boston Port held by his wife.

Detailed analysis of the evidence would serve no useful purpose, for our analysis would only parallel that of the District Court. It will suffice to say that we perceive no persuasive correlation either in time or amount between various payments made to Boston Port by other Goldfine controlled corporations (for long overdue interest on indebtedness owed to Boston Port so it is said), and events which transpired in the mandamus proceeding, which are asserted to have motivated those payments through fear of disclosure in that proceeding of corporate mismanagement. Instead, it seems to us as it seemed to the court below that the alleged payments to Boston Port by other Goldfine controlled corporations, considered in the light of payments by Boston Port to those corporations, only substantiates the evidence of a custom or practice of those in charge of the Goldfine corporations to transfer assets of one to another to meet corporate needs as they might arise.

There is not very much we could do, even though we might be so disposed, as to the amount of the fees awarded to the Pomerantz Group, for as this court pointed out in In re Heddendorf, 1 Cir., 1959, 263 F.2d 887, 888, "the adequacy of the allowance of various fees in a minority stockholders' suit [is] a subject matter about which ordinarily an appellate court can do little." The reason for this is not far to seek. As we have had occasion to say before in this and other litigation our appellate power in this matter is limited by the established principle stated years ago in Trustees v. Greenough, 1881, 105 U.S. 527, 537, 26 L. Ed. 1157, that in awarding fees and making allowances to counsel the trial court "should have considerable latitude of discretion * * * since it has far better means of knowing what is just and reasonable than an appellate court can have."

An examination of the record on the earlier appeal and on this one and consideration of the arguments presented in both cases leaves us with nothing to say but to repeat: "Since we cannot say that the District Court abused its discretion we need not discuss the plaintiff's elaborate argument to the effect that the sums awarded as counsel fees and expenses are inadequate." May v. Midwest Refining Co., 1 Cir., 1941, 121 F.2d 431, 440, certiorari denied 1941, 314 U.S. 668, 62 S.Ct. 129, 86 L.Ed. 534.

Judgment will be entered affirming the judgment of the District Court.